# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEVOGNE MISHER, ) | |
|         Plaintiff, ) | |
| ) | No. 07 CV 5242 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| KEVIN BARNETT, *et al.*, ) | |
|         Defendant. ) | |

## MEMORANDUM AND ORDER

January 12, 2007, was to have been a day of celebration. Ernest Austin had just turned 88, and his family and friends gathered to commemorate the event. However, hysteria erupted as reports spread among the partygoers that one guest had drawn a gun and threatened to use it.

Amid the ensuing chaos, plaintiff LeVogne Misher called police. But Misher ended up among those arrested when police arrived. They charged her with obstructing a police officer, alleging that she refused to leave the scene when ordered by police. *See* 720 Ill. Comp. Stat. 5/31-1(a)

Misher's version of events differs greatly from the police's. She disputes that she refused to leave the scene and, instead, contends that an officer punched her in the back, grabbed her hair and one of her breasts, and slammed her into a wall before handcuffing and arresting her. The criminal charge was eventually dropped against her when no police officer showed up to Misher's initial court appearance.

She has sued the village of Bellwood, Illinois, and several of its police officers for various civil rights claims under federal law, *see* 42 U.S.C. § 1983, as well as state law claims such as malicious prosecution, and assault and battery. Defendant police officers Ronald Hopkins, Kevin Davis, Ronald Stanfel, and the village of Bellwood have moved for summary judgment on

various claims. Specifically: Hopkins and Stanfel seek summary judgment on the false arrest claim (Count III) against them; Hopkins seeks summary judgment on the malicious prosecution (Count II), and failure to intervene to prevent a civil rights violation (Count IV) claims against him; Davis seeks summary judgment on the failure to intervene claim (Count IV) against him; and the village of Bellwood seeks summary judgment on the respondeat superior claim (Count V) against it. For the reasons stated below, the motion for summary judgment on the failure to intervene claim against Davis is granted, while the remainder of the motion is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, a court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *See Valenti*, 970 F.2d at 365; *see also Anderson*, 477 U.S. at 248.

Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute about a genuine issue of material fact exists; that is, the evidence is such that a reasonable jury could render a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248. The nonmoving party may not merely rest upon the allegations or details in his pleading, but

instead, must set forth specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322; *Anderson* 477 U.S. at 248.

## ANALYSIS

I.   **Malicious Prosecution under State Law (Count II)**

The elements of a claim of malicious prosecution under Illinois law[1] are: (1) commencement or continuation of legal proceedings by the defendant; (2) the termination of proceedings in favor of the plaintiff; (3) the absence of probable cause for the proceedings; (4) the presence of malice; and (5) damages. *See Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). Defendant Ronald Hopkins moves for summary judgment on this claim because, he contends, he did not participate in the commencement or continuation of legal proceedings against Misher.

However, Misher has identified evidence to support her claim that Hopkins was involved in the commencement or continuation of the legal proceedings against her. First, he admits that he told a fellow officer, defendant Ronald Stanfel, to arrest Misher:

> She was one of the individuals standing outside who was continuing to yell back and forth in defense of one of the offenders. We asked her several times to leave the area, she refused to do so, and at that time I looked over at Officer Stanfel. I said she needs to be placed under arrest.

Statements of Additional Facts [99-5], Ex. E at 23. Hopkins also describes holding Misher's wrists while officer Stanfel placed her in handcuffs:

---

[1] Defendant Hopkins cites cases examining malicious prosecution claims under 42 U.S.C. § 1983. However, Misher brought her claim under state law and, in any event, malicious prosecution claims are not cognizable under § 1983 for events occurring in Illinois. *See Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009).

> At that point I followed behind them to help assist him and gain control, but by the time I got down there, he already had the other wrist and he was placing the cuff on, so I just held her wrists steady while he secured the cuff properly on the back.

*Id.* at 27. Hopkins argues that merely (1) pointing Misher out to Stanfel as being someone who needed to be arrested, and (2) holding her wrists so that Stanfel could place her in handcuffs does not amount to the commencement or continuation of legal proceedings under Illinois law. However, his argument is only cursory and is unsupported by any citation to authority. The argument is therefore both unpersuasive and forfeited. *See Jarrad v. CDI Telecommunications, Inc.*, 408 F.3d 905, 916 (7th Cir. 2005) (undeveloped arguments unsupported by citations to authority are forfeited).

Hopkins also argues that he is entitled to summary judgment because Misher herself testified that he played no role in her arrest. Specifically, Misher offered the following responses to questions asked during her deposition:

> Q: Did you have anything to do with Officer Hopkins?
>
> A: No.
>
> Q: I take it you have no actual complaint against the conduct of Officer Hopkins, then?
>
> A: Correct.

Statement of Facts [94-2], Ex. B at 94. However, the fact that Misher did not personally observe Hopkins' conduct does not mean that he did not participate in her arrest and prosecution, especially given that he told Stanfel that Misher needed to be arrested, and that he held Misher's wrists while Stanfel carried out the arrest.

Accordingly, Hopkins' motion for summary judgment on Misher's malicious prosecution claim is denied.[2]

## II. False Arrest under § 1983 (Count III)

To prevail on a claim of false arrest under 42 U.S.C. § 1983, a plaintiff must show that she was arrested without probable cause. *See Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). Probable cause to arrest exists if the facts and circumstances known at the time of arrest are sufficient to warrant a prudent person to believe that the suspect has committed, is committing, or is about to commit an offense. *Id.* "In ascertaining whether an officer had probable cause, the court is to view the circumstances from the perspective of a reasonable person in the position of the officer." *Id.*

Hopkins moves for summary judgment on the false arrest claim against him on two bases. First, he contends that there is no evidence that he played any role in Misher's arrest and, therefore, cannot have falsely arrested her. However, as discussed in the preceding section, Misher has identified evidence of Hopkins' participation in her arrest and, therefore, his argument is unavailing.

---

[2]Although neither party has addressed whether the state criminal proceedings were terminated in Misher's favor, the court takes judicial notice of the fact that the proceedings were dismissed with leave to reinstate or, in state court jargon, SOL. *See* docket for Cook County Criminal Court case #07-4-00058001 (May 25, 2007 dismissal SOL). Under Illinois law, a dismissal SOL is not a termination in the plaintiff's favor. *Ferguson v. City of Chicago*, 820 N.E.2d 455, 460 (Ill. 2004). It is thus not clear to the court that Misher's malicious prosecution claim has accrued. *Id.* at 459 ("A cause of action for malicious prosecution does nto accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor. . . . [T]he courts of Illinois have consistently recognized that the striking of charges with leave to reinstate does not terminate the proceedings against the accused."). However, no defendant has made an issue of whether Misher's criminal case terminated in her favor and, therefore, the court has no occasion to examine the issue further at this time.

Second, Hopkins contends that he had probable cause to arrest Hopkins. The facts surrounding Misher's arrest are disputed. According to the defendants, Misher was arrested only after defying officers' repeated orders to leave the scene. In contrast, Misher describes hearing a single announcement to "get in the house" just seconds before an officer punched her in the back, slammed her into a wall, grabbed her breast, and then arrested her. Statements of Additional Facts [99-2], Ex. B at 66. According to Misher's version of events, she was not given time to comply with officers' orders to get in the house and, therefore, could not have defied repeated orders to do so. Because the underlying facts are disputed, the issue of probable cause is for the jury, not the judge, to resolve. *See Gonzalez*, 578 F.3d at 537 ("Only if the underlying facts claimed to support probable cause are not in dispute may the court decide whether probable cause exists.").

Alternatively, Stanfel joins Hopkins in moving for summary judgment on the false arrest claim based upon qualified immunity. Qualified immunity shields public officials from liability when they act in a manner that they reasonably believe to be lawful, even if their judgment proves to be mistaken. *Id.* at 540; *see also Chelios v. Heavener*, 520 F.3d 678, 691 (7th Cir. 2008) (qualified immunity extends to "officers who make a reasonable error in determining whether there is probable cause to arrest an individual."). To determine whether qualified immunity shields officers from liability, the court must look to: "(1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendants violated a constitutional right; [and] (2) whether that constitutional right was clearly established at the time of the alleged violation." *Chelios*, 520 F.3d at 691.

Hopkins and Stanfel contend that they are entitled to immunity on the false arrest claim because they had probable cause to arrest. However, as discussed above, the circumstances surrounding Misher's arrest are disputed, precluding a determination of whether probable cause to arrest existed. In any event, even assuming that officers lacked probable cause and, therefore, violated Misher's constitutional right, they are not entitled to qualified immunity because her right to be free from a false arrest was clearly established. Specifically, case law would have put the officers on notice that Misher had a right to be free from arrest for obstructing officers where she had not provoked them and had not been given more than mere seconds to comply with their order to "get in the house" before being struck down to the ground and arrested. *See id.* "([assuming that] Mr. Chelios had not made physical contact with Sergeant Heavener, conducted himself in a disorderly manner or otherwise obstructed or impeded Sergeant Heavener in his duties, we believe that case law would have put him on notice that Mr. Chelios had a right to be free from arrest under the particular circumstances of this case.").

Accordingly, the motion for summary judgment on Misher's false arrest claim is denied.

### III. Failure to Intervene under § 1983 (Count IV)

Police officers have a duty to intervene in order to prevent the violation of a citizen's constitutional rights either in the officer's presence or with the officer's knowledge. *See Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). To be liable, the officer must have known about the conduct and either facilitated, endorsed, or had a "realistic opportunity" to prevent the conduct but then deliberately or recklessly disregarded the plaintiff's constitutional rights. *Id.*

Defendants Hopkins and Davis argue that they are entitled to summary judgment on the failure to intervene claims against them because there is no evidence that they were aware of any

constitutional violation or had any opportunity to prevent the violation. However, as detailed above, Hopkins has admitted telling Stanfel that Misher needed to be arrested and held her wrists while Stanfel handcuffed her. It is during this arrest that Misher describes being brutalized by an officer. Therefore, Misher has identified evidence that Hopkins was present during the alleged violation of her constitutional rights and was in a position to intervene. As a result, she survives Hopkins' motion for summary judgment on the failure to intervene claim.

As for Davis, Misher contends that Davis was "present at the scene where the incident took place and [was] within close enough proximity to intervene in Ms. Misher's constitutional violations." Response [99-1] at 25. But the evidence that Misher cites is Davis' testimony that he saw Stanfel use pepper spray on a crowd of individuals, not that Davis saw Stanfel's alleged use of excessive force when arresting Misher, or that he saw Hopkins at all. Accordingly, Misher has failed to cite any evidence to support her failure to intervene claim against Davis and, therefore, Davis is entitled to summary judgment on that claim.

### IV. Respondeat Superior under State Law (Count V)

The defendants move for summary judgment on Misher's claim of respondeat superior because such claims are not available under 42 U.S.C. § 1983. *See T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010). However, as Misher points out in her response brief, she brought her claim for respondeat superior under the Illinois Tort Immunity Act, not 42 U.S.C. § 1983. *See* Response [99-1] at 25. The defendants then abandoned any argument in their reply brief that they were entitled to summary judgment on Misher's state law claim of respondeat superior.

Accordingly, the motion for summary judgment on Misher's respondeat superior claim is denied.

V.   **Motion to Strike**

Finally, the court addresses the defendants' motion to strike many of Misher's responses to their Rule 56.1 statements of fact, as well as her own statements of additional facts. Motions to strike materials submitted in support of or opposition to motions for summary judgment are disfavored, except where they serve to expedite the work of the court. *See Maldonado v. Mount Sinai Hospital Medical Center*, No. 08 CV 6141, 2010 WL 63986, at *3 (N.D. Ill. Jan. 6, 2010).

For the most part, the motion to strike is based upon the defendants' perception that Misher's statements and denials are not supported by the deposition testimony or exhibits that she has cited. However, the court was required to make that determination when assessing whether Misher had identified admissible evidence in order to survive the motion for summary judgment. Asking the court to engage in that assessment all over again in order to resolve the motion to strike does not serve to expedite the work of the court. Accordingly, the motion to strike is denied.

**CONCLUSION**

For the reasons stated, the motion for summary judgment [92-1] is granted in part and denied in part as follows: the motion for summary judgment on the failure to intervene claim against Davis is granted, while the remainder of the motion is denied. The motion to strike [97-1] is denied.

The court notes that the defendants moved for summary judgment on only some of the claims against Hopkins and Davis because, they assert, "Plaintiff Misher agreed to dismiss" the remaining claims. Memorandum [93-1] at 1. They contend that Misher also agreed to dismiss defendants Barnett, Johnson and Buckner entirely. *Id.* Misher did not take issue with the

assertion in her response brief, but has not complied with the court's order of December 7, 2010, to dismiss the claims within 14 days.

Accordingly, counsel for Misher is directed to file a position paper no later than June 3, 2010, describing which claims she intends to proceed upon. If no position paper is filed, the following defendants and/or claims shall be dismissed for want of prosecution: all claims against defendants Barnett, Johnson and Buckner; and Counts II and III against defendant Davis. If Misher does seek to dismiss claims, she shall file a motion to do so at the same time she files her position paper, and shall properly notice the motion for presentment to the court.

ENTER:

DATE: May 26, 2010

/s/ Blanche M. Manning
Blanche M. Manning
United States District Judge